IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DENNIS PEARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. CIV-05-0071-HE |
| | ) | |
| ST. PAUL FIRE AND MARINE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This case is before the Court on the parties' cross motions for summary judgment.[1] The parties have each responded in opposition to the respective motions. The Court concludes defendant's motion should be granted in part and that supplemental briefing should be permitted prior to disposition of the remaining issues raised.

The following facts are undisputed. On May 27, 2001, plaintiff, a linesman employed by Northwestern Electric Cooperative, Inc., was injured when he fell from a bucket which had been raised from a truck to work on an overhead power line.[2] Plaintiff was not wearing a safety harness at the time of his fall. After his accident, plaintiff sought and was denied uninsured motorist benefits from the defendant.[3] Plaintiff alleges in this suit that the

---

[1] *The parties originally filed their motions in a related declaratory judgment action filed by the defendant. See St. Paul Fire and Marine Insurance Company v. Dennis Pearson, Case No. CIV-05-0036-HE. That case has since been consolidated with the present case.*

[2] *The bucket from which plaintiff fell was permanently attached to the truck.*

[3] *At the time of the accident, defendant insured the truck in question on behalf of plaintiff's employer.*

defendant breached the insurance contract and dealt with him in bad faith by denying his claim for uninsured motorist benefits. Both parties have moved the Court to determine the coverage and bad faith issues as a matter of law.[4]

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Martin v. Kansas, 190 F.3d 1120, 1129 (10th Cir. 1999).

Pursuant to 36 Okla. Stat. § 3636[5] and the language of the insurance contract, plaintiff claims he is entitled to uninsured motorist benefits because his injuries arose out of the ownership, maintenance or use of the bucket truck. Defendant counters that coverage is not available in this matter because plaintiff's injuries were not causally connected to the

---

[4]*Plaintiff also requested that the Court dismiss defendant's declaratory judgment action. As the cases have now been consolidated, plaintiff's request is moot.*

[5]*Section 3636 states in pertinent part:*

*A. No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be issued, delivered, renewed, or extended in this state with respect to a motor vehicle registered or principally garaged in this state unless the policy includes the coverage described in subsection B of this section.*

*B. The policy referred to in subsection A of this section shall provide coverage therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom.*

transportation nature of the truck.

Plaintiff principally relies on Ply v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn., 81 P.3d 643 (Okla. 2003), in support of his argument for coverage. In Ply, the Supreme Court of Oklahoma answered two certified questions submitted to it by the United States District Court for the Northern District of Oklahoma. Ply, 81 P.3d at 645. The questions, which were related to a claim for uninsured motorists benefits by an employee who was injured while working in a bucket truck, asked (1) whether an employer can be held liable under 36 Okla. Stat. § 3636 for its negligent instruction and supervision of an employee who is injured while using an employer-owned vehicle and (2) whether an employee's injury must occur during the maintenance of an employer-owned vehicle in order for that employee to recover uninsured motorist benefits under § 3636. Ply, 81 P.3d at 647, 649. In answering the first question in the affirmative, the court presumed, without deciding, that the employee's injuries "were causally connected to use of a motor vehicle in its transportation nature." Id. at 647 n. 9.[6] Without addressing the merits of the employee's negligent maintenance claim, the court also answered the second question in the affirmative. However, the court noted that the word "maintenance," while construed broadly, relates to the "external and mechanical

---

[6]*Section 3636 "mandates [uninsured motorist] coverage where: 1) the injured person is an insured under the UM provisions of a policy; 2) the injury to the insured has been caused by an accident; 3) the injury to the insured has arisen out of the 'ownership, maintenance or use' of a motor vehicle; and 4) the injured insured is 'legally entitled to recover damages from the owner or operator of the uninsured motor vehicle.'" Ply, 81 P.3d at 647 (internal footnotes omitted). "[A]n injury arises out of the ownership, maintenance or use of an uninsured vehicle where the facts show that the injury is causally connected to the uninsured motor vehicle." Id. at 647 n.7 (internal quotations omitted).*

condition of a vehicle." Ply, 81 P.3d 649 n.13.

While the facts of Ply parallel those in the present dispute, the legal determinations made by the Ply court do not unequivocally support a claim for coverage under 36 Okla. Stat. § 3636 as plaintiff argues. Indeed, the court in Ply did not address the issue central to this case — whether the plaintiff's injuries were causally connected to the use of the bucket truck in its transportation nature.

The Oklahoma Supreme Court's most recent expression on the issue presented in this case appears in Mayer v. State Farm Mutual Auto. Ins. Co., 944 P.2d 288 (Okla. 1997). In Mayer, the court determined, interpreting the requirements of § 3636, that a claimant "must show an injury that (1) was caused by an accident, (2) arose out of the use of the uninsured vehicle and (3) had a causal connection to the uninsured vehicle's transportation mode." Mayer, 944 P.2d at 291. In other words, in order to recover under an insurance contract tracking § 3636 the uninsured vehicle must "be in use as a motor vehicle at the time of injury." Id.

The plaintiff in Mayer was injured when a bomb, which had been placed in a parked vehicle, exploded near his office building. The court concluded that the plaintiff was not entitled to uninsured motorist benefits because "there was no requisite connection between the plaintiff's injuries and the truck's vehicular use." Mayer, 944 P.2d at 289. In particular, the court noted that the truck was not being driven and had in fact been parked at the time of the explosion. Mayer, 944 P.2d at 291. The vehicle's "antecedent use" to transport explosive materials to the site of the bombing was not enough to establish coverage under

4

§ 3636 because the damage "occurred *after* the vehicle's transportation use had been abandoned." Mayer, 944 P.2d at 291 (emphasis in original).

In this case, at the time of plaintiff's accident, the bucket truck was not in use as a motor vehicle as it had been parked and plaintiff had exited the vehicle. At the time of the accident, it was simply the platform from which other, non-transportation activities were conducted and from which the injuries in question developed. Under these circumstances, plaintiff cannot demonstrate a causal connection between his injuries and the truck's transportation mode and therefore cannot bring the circumstances of this case within the scope of § 3636's mandated coverage. Mayer, 944 P.2d at 291. See, e.g., Narvaez v. State Farm Mut. Auto. Ins. Co., 989 P.2d 1051, 1052-53 (Okla. Ct. App. 1999) (finding no uninsured motorist coverage because vehicle not in operation at the time of the injury).

If this case involved only the scope of § 3636, the Court would grant summary judgment for defendant as to both the contract and bad faith claims. However, the briefs of the parties raise the possibility, without extensive discussion, that the language of the insurance contract may have provided for coverage in excess of that minimally required by § 3636. If so, plaintiff may be able to bring himself within the scope of any such expanded coverage. Further, while the rationale for plaintiff's bad faith claim has been premised largely, if not exclusively, on defendant's reading of the Ply decision, the treatment of the issue in the summary judgment briefs now before the Court is not such that entry of summary judgment on the bad faith claim is appropriate at this time.

Accordingly, summary judgment is entered for defendant St. Paul on the issue of

whether 36 Okla. Stat. § 3636 mandates uninsured/underinsured motorist coverage in the circumstances present here — it does not. The parties are granted leave to submit supplemental summary judgment briefs addressing (1) whether the insurance contract involved here provided for coverage beyond that mandated by § 3636, (2) if so, whether plaintiff's circumstances fall within such coverage, and (3) whether, given the Court's ruling here as to the scope of § 3636 and the application of Ply, any claim for bad faith remains. Such briefs shall be filed within **ten (10) days** from entry of this Order, with responses due **ten (10) days** thereafter.[7]

**IT IS SO ORDERED**.

Dated this 11th day of May, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[7]*The parties need not repeat background or other factual matters already set out in the briefs before the Court.*