**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DENNIS PEARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. CIV-05-0071-HE |
| | ) | |
| ST. PAUL FIRE AND MARINE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

This case is before the Court on the supplemental briefs filed by the parties at the direction of the Court. The Court previously granted partial summary judgment to the defendant on the question of whether plaintiff was entitled to uninsured motorist benefits pursuant to 36 Okla. Stat. § 3636. Order of May 11, 2005. In its previous order, the Court directed the parties to address the question of whether the language of the insurance policy at issue in this matter provided broader coverage than that mandated by § 3636. Upon review of the supplemental briefs, the Court concludes summary judgment should be granted in favor of defendant on plaintiff's breach of contract and bad faith claims.[1]

The insurance policy at issue provides coverage to those injured in an accident with

---

[1] *Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When applying this standard, the court "view[s] the evidence and draw[s] all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Martin v. Kansas, 190 F.3d 1120, 1129 (10th Cir. 1999), overruled on other grounds by Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356 (2001). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Martin, 190 F.3d at 1129.*

an uninsured motorist. In order to recover such benefits, the accident must involve an automobile covered under the policy and the uninsured "owner's or driver's liability" must have resulted from the ownership, maintenance or use of the uninsured vehicle.[2] Defendant does not dispute that the plaintiff was involved in accident resulting in injury or that the vehicle in question was a covered auto under the policy.[3] Instead, the present issue is whether the coverage language found in the policy tracks that of § 3636 or provides some type of broader coverage.[4]

Without elaboration, plaintiff states that the policy language in question is "less restrictive" than that found in § 3636. Contrary to plaintiff's position, and while the policy language does not exactly track the statute, the Court concludes there is no material difference between the language of the insurance policy and the language of § 3636. Both reference the liability of an uninsured motorist and the requirement that such liability either "result from" or "aris[e] out of" the ownership, maintenance or use of the uninsured vehicle. See Def's. Ex. 1, p. 1; 36 Okla. Stat. § 3636. Because the policy language parallels that of

---

[2]*Under "What this Agreement Covers" the policy states: However, we'll only pay these damages when the owner's or driver's liability results from owning, maintaining or using the uninsured vehicle. Def's. Ex. 1, p. 1.*

[3]*As defendant does not dispute this fact, the Court need not decide whether the definition of "auto" in the policy is ambiguous.*

[4]*Section 3636 states in pertinent part:*

*A. No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be issued, delivered, renewed, or extended in this state with respect to a motor vehicle registered or principally garaged in this state unless the policy includes the coverage described in subsection B of this section.*

§ 3636, the Court's prior determination that no causal connection exists between plaintiff's injuries and the transportation mode of the bucket truck applies equally to plaintiff's claim under the policy.  See, e.g., Mayer v. State Farm Mutual Auto. Ins. Co., 944 P.2d 288, 291 (Okla. 1997) (construing similar contract language as requiring a causal connection between the injury and the vehicle's "transportation mode").  As no coverage exists under the policy for plaintiff's claim of loss, summary judgment is **GRANTED** in favor of defendant on plaintiff's breach of contract claim.

Plaintiff also asserts a claim for bad faith breach of contract.  Insurance companies in Oklahoma have an implied duty to deal fairly and in good faith with their insured. Christian v. Am. Home Assurance Co., 577 P.2d 899, 904 (Okla. 1977).  An insurer does not breach this duty simply by denying a claim.  Rather, in order to recover for this intentional tort, a plaintiff must demonstrate that no legitimate dispute exists regarding coverage and the insurer did not have a reasonable good faith belief for withholding payment. See Timberlake Constr. Co. v. U.S. Fid. and Guar. Co., 71 F.3d 335, 343 (10th Cir. 1995) ("'The essence of the tort of bad faith, as it is recognized in Oklahoma, is the unreasonableness of the insurer's actions.'") (quoting Conti v. Republic Underwriters, Ins. Co., 782 P.2d 1357, 1360 (Okla. 1989)). See also Oulds v. Principal Mut. Life Ins. Co., 6 F.3d 1431, 1436 (10th Cir. 1993).

In this case, based on the state of the law in Oklahoma,[5] it is clear that a legitimate dispute existed as to coverage.  As a result, the defendant did not act unreasonably in denying

---

[5] See Order of May 11, 2005 (discussing Ply v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn., 81 P.3d 643 (Okla. 2003)).

coverage or seeking a judicial determination for plaintiff's claim of loss. Accordingly, summary judgment is **GRANTED** in favor of defendant on plaintiff's bad faith claim.

    **IT IS SO ORDERED**.

    Dated this 15th day of July, 2005.

                                                          */s/ Joe Heaton*
                                                          JOE HEATON
                                                          UNITED STATES DISTRICT JUDGE